








KAT    10/15/01    11:00
3:01-M -02452   USA V. ROJEDA-GALINSO
*1*
*CRCMP.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ) Magistrate Docket No. '01 mg 2452
) Case No.
Plaintiff, )
) COMPLAINT FOR VIOLATION OF:
v. )
) Title 8, United States Code, Section 1326
Raul ROJEDA-Galinso ) Deported Alien Found in the
AKA: Raul ROJEDA-Galindo ) United States
A# 70 044 974 )
PR# 0110-0067 )
Defendant )
)

The undersigned complainant, being duly sworn, states:

COUNT ONE

On or about, **October 12, 2001**, within the Southern District of California, defendant, **Raul ROJEDA-Galinso** an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **15th DAY** OF **OCTOBER 2001.**

MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT RE:
Raul ROJEDA-Galinso
AKA: Raul ROJEDA-Galindo
A#70 044 974
PR#0110-0067

## STATEMENT OF FACTS
## PROBABLE CAUSE STATEMENT

On October 12, 2001 at approximately 2:40 a.m., Agent Floyd Villanueva was manning the primary inspection at the United States Border Patrol Checkpoint on Interstate-5 in San Clemente, California. The checkpoint was in full two-lane operation when Agent Villanueva noticed a blue thunderbird sedan bearing California plate 1N0H082 approach his position. Agent Villanueva motioned the vehicle to stop at his position utilizing hand motions but the driver of the vehicle did not stop until he passed Agent Villanueva's position. Agent Villanueva identified himself as a Border Patrol Agent and asked the driver and passenger their citizenship. Agent Villanueva noticed that they were acting in a very nervous manner while trying to answer his questions. Agent Villanueva then directed the vehicle into secondary inspection.

In secondary inspection, Agents R. Sandoval and P. Carrillo approached the vehicle and identified themselves as Border Patrol Agents and started to conduct an immigration inspection. The driver and passenger were not carrying any type of identification. Record checks were run on both individuals. The driver was determined to be a legal resident. The passenger, the defendant, stated that he was applying to be a resident. The checks on the defendant came back no record on file using the name he provided. When the defendant was confronted with this information he recanted his last claim and said that he did not have any type of immigration documents. At this time, the defendant was placed under arrest and escorted to the station for further processing.

At the station record checks were conducted and came back positive. The defendant's record was determined through a comparison of his criminal record and his current fingerprint card. Official records of the Immigration and Naturalization Service reveal that the defendant was previously excluded and removed from the United States to Mexico on July 7, 1997 via Calexico, California. Computer records show that the defendant has not applied for permission from the Attorney General to return to the United States after being removed.

The defendant was read his Miranda rights in the Spanish language by Agent Sandoval and witnessed by Agent Cariker at approximately 3:45 a.m. The defendant stated that he understood his rights and agreed to answer questions without an attorney present.

The defendant was confronted with his arrest record and he stated that it was his. Defendant freely admitted to being a citizen and national of Mexico, and that he is present in the United States without being admitted or paroled by an Immigration Officer. The defendant also freely admitted that he arrived in the United States at a time and place other than as designated by the Attorney General on January 5, 1998 near Douglas, Arizona.

Executed on October 13, 2001 at 2:30 PM

_____
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of two pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on October 12, 2001 in violation of Title 8 United States Code, Section 1326.

_____
United States Magistrate Judge
CPRS1326

Date/Time  10-13-01  @ 3:25 PM